# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, | ) |
| Petitioner, | ) Civil Action No.: 5:18-cv-02160-JMC |
| v. | ) |
| | ) **ORDER** |
| Turbeville Warden, | ) |
| Respondent. | ) |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on May 11, 2019 (ECF No. 38). On August 6, 2018, Petitioner Corey Jawan Robinson filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, seeking reversal of two (2) disciplinary convictions and restoration of lost good time. (ECF No. 1 at 1.) In her Report, the Magistrate Judge recommended dismissal of Robinson's Habeas Petition for "fail[ure] to perfect his [Administrative Law Court] appeal of his disciplinary conviction[s], [and] . . . therefore[,] fail[ing] to exhaust his state court remedies."[1] (ECF No. 38 at 9.) *See also Robinson v. Thomas*, 855 F.3d 278, 283 (4th Cir. 2017) ("State prisoners . . . must exhaust their state remedies before filing a habeas petition in federal court.").

On February 25, 2019, Robinson filed an Objection to the Report. (ECF No. 42.) In a letter dated March 5, 2019, Robinson informed the court that he was to be released from prison on April 1, 2019, but still planned to prosecute his cases, including the case at bar. (ECF No. 44 at 1.) Robinson committed to notifying the court of his future change of address and also requested

---

[1] At the time Robinson filed his Habeas Petition, he was a state prisoner at Turbeville Correctional Institution in Turbeville, South Carolina. (ECF No. 1 at 1.)

1

that the court not dismiss his cases. (*Id.*) On May 8, 2019, and June 6, 2019, Robinson sent the court two letters providing the court with his new address, which indicated to the court that he was no longer incarcerated.[2] (ECF Nos. 46, 47.)

Section 2254 requires that a habeas petitioner be in custody at the time the petition for habeas corpus is filed. *See* 28 U.S.C. § 2254; *Woodfolk v. Maynard*, 857 F.3d 531, 539 (4th Cir. 2017) ("It is well settled that the 'in custody' requirement applies at the time a petition is filed."). However, "subsequent release of a prisoner does not deprive a habeas court of subject matter jurisdiction." *McFadden v. Anderson*, No. 3:07-35-RBH, 2007 WL 4268799, at *2 (D.S.C. Nov. 29, 2007) (citing *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) ("Establishing jurisdiction is a matter of satisfying the 'in custody' statutory requirement.")). But, subsequent release of a prisoner may render the issues presented in a habeas petition moot if there is no longer a live controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution."); *Leonard*, 804 F.2d at 842–43 (finding that although the plaintiffs were released subsequent to the filing of their habeas action, the controversy was not moot because an exception to the mootness doctrine applied).

"Generally, a case becomes moot when 'the issues presented are no longer live or the

---

[2] The court searched for Robinson on the South Carolina Department of Corrections' ("SCDC") website using the "Incarcerated Inmate Search," and Robinson did not appear among the search results. Thus, based on Robinson's letters (ECF Nos. 46, 47) and SCDC's online records, the court concludes Robinson is no longer incarcerated. *See also Crittendon v. S.C. Dep't of Corr.*, No. CA 4:11-2997-TMC-TER, 2012 WL 2871755, at *2 (D.S.C. July 12, 2012) ("The court takes judicial notice that SCDC's Incarcerated Inmate Search website indicates that Crittendon is no longer in SCDC's custody.").

2

parties lack a legally cognizable interest in the outcome.'" *Via v. Clarke*, No. 7:13CV513, 2014 WL 2619904, at *1 (W.D. Va. June 12, 2014) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). But, the United States Court of Appeals for the Fourth Circuit has identified two (2) exceptions to the mootness doctrine in the context of a prisoner who is released subsequent to the filing of their habeas petition: (1) the "collateral consequences exception and (2) the "capable of repetition but evading review exception." *See Leonard*, 804 F.2d at 842. Several district courts have held that when a petitioner challenges disciplinary convictions—not the conviction for which they are incarcerated—and the loss of good time credits, the collateral consequences exception does not apply. *See, e.g.*, *Ellis v. Warden*, No. CV TDC-16-3855, 2017 WL 464372, at *2 (D. Md. Feb. 2, 2017) ("Ellis does not challenge the underlying conviction, his sentence is completed, and there is no presumption or demonstration of collateral consequences. The instant action, therefore, is dismissed as moot." (citing *Bowler v. Ashcroft*, 46 F. App'x 731, at *1 (5th Cir. 2002) (concluding that the petitioner's habeas challenge to the United States Bureau of Prison's method of calculation of good-time credits was moot where the petitioner had been released from prison but was still on supervised release))); *Bassett v. Johnson*, No. 7:11-CV-00396, 2011 WL 4793517, at *2 (W.D. Va. Sept. 28, 2011) ("Plaintiff's release from the VDOC's custody moots his habeas claims because he is free, no longer needs good time credits, and is not subject to the VDOC's security classifications."); *McFadden*, 2007 WL 4268799, at *2 ("The [c]ourt finds that, since the petitioner is not challenging his conviction but rather the disciplinary infraction that led to his loss of good time credits, the collateral consequences doctrine does not apply."); *Wilson v. Seifert*, No. CIV.A. 3:05CV102, 2007 WL 1238921 (N.D.W. Va. Mar. 7, 2007) ("In this case petitioner has been released. The issue of good time credit is moot since it only relates to the date of release. Release of petitioner renders the petition moot."). Here, Robinson has been released from prison,

does not challenge his underlying conviction, and there is no presumption or demonstration of collateral consequences. Accordingly, the court finds the collateral consequences exception to the mootness doctrine does not apply.

The court also finds the capable of repetition but evading review exception to the mootness doctrine does not apply. "'[T]he capable-of-repetition doctrine applies only in exceptional situations.'" *Spencer*, 523 U.S. at 17 (alteration in original) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983)). "Two elements are required to employ this exception: '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Leonard*, 804 F.2d at 842 (alterations in original) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). The court's conclusion in *McFadden* perfectly states this court's conclusion here: "In the case at bar, there is no reasonable possibility that the situation will recur. Hopefully, [Robinson] will never return to prison." *McFadden*, 2007 WL 4268799, at *2. Therefore, the capable of repetition but evading review exception to the mootness doctrine also does not apply.

Thus, while, ordinarily, "[a] challenge regarding revocation of good-time credits . . . will support a federal habeas claim because it addresses the duration of a petitioner's sentence," *Hall v. Bullock*, No. 1:11CV440, 2012 WL 4793738, at *1 (M.D.N.C. Oct. 9, 2012) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)), because Robinson is no longer incarcerated, and none of the exceptions to the mootness doctrine apply to his Habeas Petition, the court finds Robinson's Habeas Petition is moot. Accordingly, the court **REJECTS AS MOOT** the Magistrate Judge's Report (ECF No. 38) and **DISMISSES AS MOOT** Robinson's Petition for Writ of Habeas Corpus (ECF No. 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 11, 2019
Columbia, South Carolina